IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SENRICK SHERN WILKERSON, )
        Plaintiff, )
)
v. ) No. 3:11-CV-1242-N
)
BROOKE GRONA-ROBB, ET AL., )
        Defendants. )

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff, a state prisoner, filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are Assistant District Attorney Brooke Grona-Robb, Dallas County Detective Michael McMurray, Dallas County Sergeant Byron Fassett, defense attorney Calvin Johnson and witness Destiny Austin.

In September 2010, Plaintiff was arrested on charges of sexual assault of a child, compelling prostitution, and sexual performance of a child.[1] On December 17, 2010, Plaintiff was convicted of the charges and sentenced to eight years confinement.

Plaintiff argues that he was wrongfully arrested and convicted, that Assistant District

---

[1] *See* Magistrate Judge's Questionnaire, Answers 3-4 in *Wilkerson v. D.A. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex.).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**     Page -1-

Attorney Grona-Robb and Officers McMurry and Fassett coerced complainant Destiny Austin to testify falsely at trial, that defense attorney Johnson was ineffective and that complainant Destiny Austin committed perjury at trial. Plaintiff seeks money damages, dismissal of the convictions, and charges filed against Defendants.

## SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Plaintiff has failed to state a claim for relief against Assistant District Attorney Grona-Robb, defense attorney Calvin Johnson, and witness Destiny Austin. Prosecutors have absolute immunity for actions taken within the scope of their jurisdiction. *See Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3:06-CV-729-K, 2006 WL 2215950 at *3 (N.D.

Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Witnesses also have absolute immunity based on their testimony in a criminal trial. *See Mowbray v. Cameron County*, 274 F.3d 269, 277 (5th Cir. 2001). Plaintiff's claims against these Defendants should be summarily dismissed.

Additionally, Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a state prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 486-87. If so, the claim is barred. *Id*.

Plaintiff claims he was wrongfully convicted based on perjured testimony, that his due process rights were violated, and that he received ineffective assistance of counsel. Such claims necessarily imply the invalidity of Plaintiff's conviction, which has not been declared invalid by a state tribunal or federal court.[2] Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28

---

[2]*See* Magistrate Judge's Questionnaire, Answer No. 6 in *Wilkerson v. D.A. Brooke, et al.*, No. 3:11-CV-659-B (N.D. Tex.).

U.S.C. § 1915(e)(2).

Signed this 29th day of June, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).